IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 22-cv-02589-RMR-NRN

LEBSOCK 7, LLLP;
L7 FM ELEVATOR, LLC;
L7 TRADING, LLC;
L7 GRAIN, LLC; and
DAVID and CHERYL LEBSOCK, individuals,

    Plaintiffs,

v.

BANK OF COLORADO,

    Defendant.

## ORDER

This matter is before the Court on the Motion to Dismiss Plaintiffs' First Amended Complaint filed by Defendant Bank of Colorado ("Defendant"), at ECF No. 25. Plaintiffs filed a Response at ECF No. 32, and Defendant filed a Reply at ECF No. 33. The Motion is fully briefed and ripe for review. For the reasons set forth below, Defendant's Motion is **GRANTED**.

I.    **BACKGROUND**

This case arises out of a pending state case, *Bank of Colorado v. Lebsock et al.*, Case No. 2020CV30064, in the District Court for Logan County, Colorado (the "State

Case" or the "State Court")[1]. Defendant filed suit against Plaintiffs and Plaintiffs' related entities in the State Case seeking appointment of a receiver and other relief arising from Plaintiffs' and their related entities' loan defaults. On January 5, 2021, the state court issued an Order for *Ex Parte* Appointment of a Receiver (the "Order Appointing Receiver"), appointing Thomas Morrow as the receiver ("Receiver") for Plaintiffs and their related entities. ECF No. 21 ¶¶ 28, 36; ECF No. 33-1. Although the State Case remains pending, Plaintiffs have brought this federal action. In this case, Plaintiffs allege that Defendant, through the Receiver and its attorney, John O'Brien ("O'Brien"), used the Receivership to increase debts owed by entities for which Plaintiffs are guarantors or shareholders, fraudulently overcharge the Plaintiffs, collect more than Defendant was entitled to, and dissipate the equity that Plaintiffs may have had in the collateral that was pledged under the loans.

Plaintiffs David and Cheryl Lebsock (the "Lebsocks") are individuals who have interests in various companies, including the four entity plaintiffs: Lebsock 7, LLLP ("Lebsock 7), L7 FM Elevator, LLC ("Elevator"), L7 Trading, LLC ("Trading"), and L7 Grain, LLC ("Grain"). ECF No. 21 ¶¶ 1-6, 11. Beginning in 2006, Plaintiffs and/or their related entities, took out a total of eighteen loans from Defendant (the "Loans"). *Id.* ¶ 11 n.1. The Lebsocks personally guaranteed all of the Loans and Lebsock 7 guaranteed eight of the Loans. *Id.* ¶¶ 12-13. Two loans were made directly to the Lebsocks as

---

[1] The Court takes judicial notice of the state court docket, including the Order Appointing Receiver. *See St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

borrowers, one loan was made directly to Elevator and Trading as the borrowers, one loan was made directly to Trading as the borrower, one loan was made directly to Lebsock 7 as the borrower, and one loan was made directly to Grain as the borrower. *Id.* ¶¶ 14-17. The other twelve loans were made directly to borrower entities that are not named plaintiffs in this action but are named defendants in the State Case.

By early 2020, some of the Loans were in default. *Id.* ¶ 18. On April 20, 2020, Defendant and Plaintiffs executed a six-month forbearance agreement. *Id.* ¶ 20. After the six-month term of the forbearance agreement, Defendant notified the Plaintiffs that they were once again in default on the Loans. *Id.* ¶ 21.

On December 31, 2020, Defendant filed the State Case. The complaint in the State Case brought 131 claims for relief against Plaintiffs and their related entities. *Id.* ¶ 30. In essence, the State Case is an action for replevin and receivership. On January 5, 2021, the State Court appointed the Receiver for Plaintiffs and their related entities. *Id.* ¶ 36. Defendant's attorney, O'Brien, had selected and obtained the appointment of the Receiver in forty-three prior receiverships, information that was not disclosed in the State Case. *Id.* ¶¶ 33, 35.

Plaintiffs' claims are based entirely on Defendant's, the Receiver's, and O'Brien's actions in connection with the Receivership and the State Case. There is no dispute that the State Case remains pending and the parties in this federal action are parties to the State Court matter. Plaintiffs contend that the State Court should not have appointed a Receiver. *Id.* ¶¶ 63-68. Plaintiffs allege that, once appointed, the Receiver did not act as an independent receiver and never acted in the best interest of the receivership estate,

rather he acted as instructed by the Bank and O'Brien. *Id.* ¶¶ 38-40. Plaintiffs' First Amended Complaint ("FAC") outlines the acts that the Receiver allegedly committed to the detriment of the receivership estate while purporting to act as Receiver. *Id.* ¶¶ 47-62.

Plaintiff asserts Defendant, O'Brien, and the Receiver have been working together to form an unnecessary receivership and engage in wrongful collection activities. Accordingly, Plaintiffs filed this separate action in federal court, bringing fifteen claims for relief under the operative FAC: (1) Violation of RICO – 18 U.S.C. § 1963(c); (2) Theft by Deception – C.R.S. § 18-4-401; (3) Civil Theft – C.R.S. § 18-4-405; (4) Intentional Interference with Contractual Relations; (5) Intentional Interference with Prospective Business Advantage; (6) Breach of Fiduciary Duty; (7) Breach of Contract – Breach of Good Faith and Fair Dealing; (8) Unreasonable Disposition of Collateral; (9) Abuse of Process; (10) Fraudulent Transfers Under C.R.S. §§ 38-8-105(1)(b) and 38-8-106(1) through 11 U.S.C. § 544(b)(1); (11) Fraudulent Transfers Under § 548(a)(1)(B); (12) Preferential Transfers Under § 547(a); (13) Disallowance of Claim Under 11 U.S.C. § 502(b); (14) Accounting; (15) Imposition of a Constructive or Resulting Trust Upon Inequitably-Obtained Profits. *Id.* ¶¶ 77-160. Each of Plaintiffs' claims is based on acts taken in relation to the State Case and the Receivership. Plaintiffs allege this Court's jurisdiction is proper under 28 U.S.C. §§ 1331, 1334, 1337, 1367, and 8 U.S.C. § 2964(a).

Plaintiffs seek damages, fees, and costs and ask that the Court enter judgment in its favor that (1) liens and obligations against their property are voided under state law and the bankruptcy code and (2) all transfers and obligations avoided are preserved for the benefit of the Debtors' estate. *Id.* at 32-33. Plaintiffs also ask the Court to order that

4

Claim No. 17 in the Lebsock's Chapter 11 case be disallowed; that Defendant be ordered to provide an accounting for all monies received relating to the Loans or Guarantees; and that a constructive or resulting trust be imposed on the illegal profits generated as a result of Defendant's wrongful conduct. *Id.*

Defendant ask this Court to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7) because: (1) Plaintiffs lack prudential and Article III standing; (2) The *Younger*, *Colorado River*, and § 1334(c) abstention doctrines compel abstention in favor of the State Case; and (3) the Receiver is a required party who Plaintiffs cannot join, requiring Plaintiffs to pursue relief in the State Case. *See* ECF No. 25.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

A motion under Fed. R. Civ. P. 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. §§ 1331, 1332. "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction," even if doing so requires sua sponte action. *Citizens Concerned for Separation of Church & State v. City & Cnty.*

5

*of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petrol. Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). A plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556 at *1 (D. Colo. Sept. 24, 2012).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."[2] *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). The court may review materials outside the pleadings without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1296 (10th Cir. 2003).

### B.   Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) allows for the dismissal of a case if a party fails to join a required party under Rule 19 of the Federal Rules of Civil Procedure. In order to dismiss a case pursuant to Rule 12(b)(7), the Court must find that (1) the party

---

[2] The Court construes Defendant's challenge as a factual attack that goes beyond the allegations of the complaint because Defendant references documents outside the pleadings.

6

is a required person under Rule 19(a), (2) joinder of the party is infeasible, and (3) dismissal is appropriate. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Intrawest ULC*, No. 13-cv-00079-PAB-KMT, 2014 WL 1016072, at *2 (D. Colo. Mar. 14, 2014).

A required party under Rule 19(a) is one "whose joinder will not deprive the court of subject matter jurisdiction" and either: (1) the court "cannot accord complete relief" in that person's absence or (2) disposing of the matter would impair the person's legal interests or leave an existing party subject to duplicate or inconsistent obligations. Fed. R. Civ. P. 19(a). If the party is a required party but joining it to the action is infeasible, the court must decide under Rule 19(b) whether the party is "indispensable" such that "the action cannot 'in equity' and 'good conscience' proceed in that person's absence." *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1278–79 (10th Cir. 2012) (quoting Fed. R. Civ. P. 19(b)). "The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band of Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

### III.   ANALYSIS

Defendant challenges the Court's subject matter jurisdiction, arguing that Plaintiffs lack standing and that the *Younger*, *Colorado River*, and § 1334(c) abstention doctrines compel abstention in favor of the State Case. Defendant also contends that dismissal is required under Rule 12(b)(7) because the Receiver is a required party who Plaintiffs cannot join. While the Court has doubts about whether Plaintiffs have demonstrated they have standing to pursue this action, as explained below, the Court finds that the *Younger*

abstention doctrine applies and is dispositive of the Motion. The Court also agrees that the Receiver is an indispensable party, further supporting dismissal of this action in favor of the State Case.

### A. *Younger* Abstention

The *Younger* abstention doctrine—which is based on principles of federalism, comity, and respect for state functions—precludes federal courts from interfering with certain state court proceedings. *Younger*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). *Younger* abstention is jurisdictional. *See Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n. 3 (1998) (distinguishing case cited by dissent in support of hypothetical jurisdiction as decided on "Younger abstention, which we have treated as jurisdictional"). The Court "addresses it at the outset because a determination that the district court lack[s] jurisdiction over a claim moots any other challenge to the claim, including a different jurisdictional challenge." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d at 1228-29. The Court may address jurisdictional issues in any order it finds convenient. *Id.*

The *Younger* doctrine applies in three "exceptional" types of state court proceedings: (1) "ongoing state criminal prosecutions[;]" (2) "civil enforcement proceedings[;]" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (citations and internal quotation marks omitted); *see also Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's

ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."). *Sprint* instructs that a Court may consider three additional factors before invoking *Younger*, "including whether: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated policies.'" *Gibson v. Lopez*, No. 21-CV-02610-WJM-NYW, 2022 WL 2158986, at *4 (D. Colo. June 15, 2022) (citing *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

Here, the parties do not dispute that there is an ongoing state civil proceeding, but they disagree as to whether the State Case is the type of "exceptional" state court proceeding that requires abstention under *Younger*. Defendant contends that the State Case falls into the third *Younger* category because the FAC "concern[s] the State Court's Receiver appointment, interpretation of the State Court's Receivership order, and actions taken within the Receivership" and hinges on the nature and quality of Defendant's State Case pleadings. ECF No. 25 at 9-10. Plaintiffs argue simply that the State Case does not fall into any of the three *Younger* categories. ECF No. 32 at 8-9.

The Court finds that this case falls into the third *Younger* category – "civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform their judicial functions." *Sprint*, 571 U.S. at 78. This category applies when "the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government."

9

*Pennzoil*, 481 U.S. at 11; *see also Marie v. Moser*, 65 F. Supp. 3d 1175, 1198 (D. Kan. 2014) ("Both *Juidice* and *Pennzoil* involved processes the state courts used to decide cases and enforce judgments, *i.e.*, functions that are uniquely judicial functions.").

The appointment of a receiver is a uniquely judicial function. The State Court exercised its authority and discretion under Colorado law—C.R.S. §§ 38-39-601 and 602—to appoint the Receiver. ECF No. 33-1 ¶¶ 149-156. When the State Court issued the Order Appointing Receiver, the Receiver became an officer of the State Court, whose function is to carry out the orders of the State Court for the protection of property rights involved in the action. *See Hendrie & Bolthoff Mfg. Co. v. Parry,* 86 P. 113, 116 (Colo. 1906) (A "receiver is not the agent of any party to a suit, but an officer of court. He has, and can, exercise only such power as is expressly conferred upon him in the order of appointment and under such practice."); *Zeligman v. Juergens*, 762 P.2d 783, 785 (Colo. App. 1988) ("The receiver's function is to collect the assets, obey the court's order, and in general to maintain and protect the property and the rights of the various parties."). Once a receiver is appointed, state courts hold "a significant interest in ensuring that the state's judicial power has been appropriately exercised and that a court-appointed receiver ha[s] properly performed his duties." *Kircher v. City of Ypsilanti*, 458 F. Supp.2d 439, 451 (E.D. Mich. 2006); *see also Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989) (noting that the state "has a great interest" in addressing allegations that its judicial system has been subverted); *Bortz v. DeGolyer*, 904 F.Supp. 680, 684 (S.D. Ohio 1995) (observing that an administrator appointed by a state court serves as an officer of that court, and that a federal court ordinarily should not intercede

in the state court's oversight of its officers). Thus, the State Case is the type of civil proceeding that involves certain orders uniquely in furtherance of the State Court's ability to perform its judicial functions.

The vast majority of the Plaintiffs' claims in the FAC directly implicate issues within the province of the State Court, including the propriety of the State Court's appointment of the Receiver (ECF No. 21 ¶¶ 35-37; 63-68; 87; 124; 130; 136-140); whether the Receiver properly acted within the scope of the Order Appointing Receiver (*Id.* ¶ 50); and the Receiver's actions and disposition of the Collateral identified in the Order Appointing Receiver (*Id.* ¶¶ 38-44; 48-59; 77-88; 103-125; 130; 132-135; 141-160). Plaintiffs' claims and relief sought would require the Court to interpret the State Court's ongoing Order Appointing Receiver and intrude on the State Court's jurisdiction by resolving issues of law and fact pertaining to the Receivership. *See* ECF No. 25-1. This is improper, because "supervision and disposition of the receivership estate lie within the trial court's jurisdiction [and] the court has the duty to resolve disputed issues of law and fact pertaining to the receivership." *See Midland Bank v. Galley Co.*, 971 P.2d 273, 276-77 (Colo. App. 1998). To date, the State Court maintains jurisdiction over the Receiver and therefore Plaintiffs' disputes pertaining to the Receivership are appropriately addressed in the State Case. *Id.* (Once a receiver is appointed, "[t]he court retains jurisdiction over the receiver until the order discharging the receiver is entered."). To entertain Plaintiffs' federal action while the State Case and Receivership is ongoing would violate the principles of federalism, equity and comity that *Younger* seeks to preserve.

The Court also finds that the State Court provides an adequate forum to hear the claims raised in the federal complaint. A state court provides an adequate forum if the plaintiff has an "opportunity to raise and have timely decided by a competent state tribunal" the claims in the federal complaint. *El-Bey v. Lambdin*, No. 22-CV-00682-DDD-MDB, 2023 WL 2187478, at *5 (D. Colo. Feb. 23, 2023) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435-37 (1982)). "Typically, a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.' " *Id.* (quoting *Phillips v. Martin*, 535 F. Supp. 2d 1210, 1215 (D. Kan. 2008), *aff'd*, 315 F. App'x 43 (10th Cir. 2008) (quoting *J.B. v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)). In evaluating the adequacy of state proceedings, the plaintiff bears the burden of demonstrating inadequacy. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987).

Here, the State Court provides an adequate forum to hear the claims raised. The State Case involves each of the parties to this case as well as all related entities subject to the Order Appointing Receiver. *See* ECF No. 33-1. The State Court currently presides over the Order Appointing Receiver and is therefore an adequate forum to address issues involving the scope and propriety of the Receiver's actions taken pursuant to that Order. Indeed, in the State Case, Plaintiffs may properly challenge the very acts it takes issue with here. Ten of Plaintiffs' fourteen claims for relief arise under Colorado state law, and Plaintiffs do not even attempt to argue that the State Court is an inadequate forum for their federal claims. Plaintiffs also have not attempted to present their federal claims in the related State Case. *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008)

("Where a federal plaintiff has not attempted to present his federal claims in related state court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") (quotation omitted). Thus, Plaintiffs have not met the burden of demonstrating inadequacy.

Given the above analysis, the Court finds that this case is one of those exceptional circumstances in which a federal court must abstain under *Younger*.

### B.     Indispensability Under Rule 19

The Court, having found that it must abstain under *Younger*, need not address Defendant's additional arguments. However, the Court agrees with Defendant that there is another reason it should decline jurisdiction in favor of the State Case—the Receiver is an indispensable party who cannot be joined.

The Tenth Circuit has held that a finding of indispensability under Fed. R. Civ. P. 19(b) has three parts:

> First, the court must find that a prospective party is 'required to be joined' under Rule 19(a). Second, the court must determine that the required party cannot feasibly be joined. Then, the court must determine, under Rule 19(b), whether the required-but-not-feasibly-joined party is so important to the action that the action cannot 'in equity and good conscience' proceed in that person's absence. If that is the case, then the action 'should be dismissed.'"

*Northern Arapaho Tribe v. Harnsberger,* 697 F.3d 1272, 1278-79 (10th Cir. 2012). "The Rule 19(b) factors are neither exclusive nor dispositive. 'The design of the Rule . . . indicates that the determination whether to proceed will turn upon factors that are case specific, which is consistent with a Rule based on equitable considerations.'" *Ctr. for Biological Diversity v. Pizarchik*, 858 F. Supp. 2d 1221, 1224 (D. Colo. 2012) (quoting *Republic of the Philippines v. Pimentel*, 553 U.S. 851, 862–63 (2008)).

First, Defendant argues that the Receiver is required to be joined under Rule 19(a)(1)(B). Under that Rule:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B). Defendant argues that the Receiver must be joined because "[t]his lawsuit concerns the propriety of the Receiver's appointment by the State Court and performance of his duties—all while the Receivership remains pending in the State Court." ECF No. 25 at 14. Thus, "[d]eciding these matters without the Receiver will impair or impede his ability to honor his oath to the State Court." *Id.* Defendant also contends that disposing of the action in the Receiver's absence would leave Defendant, as an existing party in this and the State Case, subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. *Id.*

Plaintiffs' only response to Defendant's indispensable party argument is that the Receiver's joinder is not required because the Receiver is an agent of Defendant and therefore not a necessary party to a suit against Defendant. *See* ECF No. 32 at 15. Plaintiffs cite multiple cases from other districts holding that an agent for a disclosed principal is not an indispensable party in a suit against that disclosed principal. However, under Colorado law, a "receiver is not the agent of any party to a suit, but an officer of court. He has, and can, exercise only such power as is expressly conferred upon him in the order of appointment and under such practice." *Parry*, 86 P. at 116 (Colo. 1906); *see*

14

*also Midland Bank*, 971 P.2d at 276 ("A receiver serves as a ministerial officer of the court that has exercised jurisdiction over the receivership estate."). Plaintiffs provide no legal authority for the contention that a receiver can be considered an agent of a party or that a receiver's motivation for acts within the scope of his appointment transforms him from officer of the court to agent of a party. Thus, the Court finds that there is no agency relationship between the Receiver and Defendant. *See Victorio Realty Group, Inc. v. Ironwood IX*, 713 P.2d 424, 425 ("The question of the existence of an agency relationship is ordinarily a question of fact to be determined by the fact finder . . . [h]owever, where there is no dispute or conflict in the facts which are alleged to have created the agency, the question of the existence of an agency relationship should be determined by the court as a matter of law.") (citations omitted).

The Court finds that the Receiver is a necessary party. Many of Plaintiffs' claims against Defendant are based on the Receiver's actions, under the theory that Defendant is responsible for the acts of its agent. Having determined that, as a matter of law, the Receiver is not an agent of Defendant, the claims against Defendant under the agency theory are really claims against the Receiver. Thus, the Receiver is a necessary party for redress of such claims. Further, the relief that Plaintiffs seek includes "that liens and obligations against [Plaintiffs'] property are avoided under state law and the bankruptcy code;" "[t]hat all transfers and obligations avoided are preserved for the benefit of the Debtors' estate;" "that the [Defendant] be ordered to provide an accounting for all monies received relating to the Loans or the Guaranties;" and "[t]hat a constructive or resulting trust be imposed on the illegal profits generated as a result of [Defendant's] wrongful

conduct[.]" ECF No. 21 at 32-33. If the Court were to grant such relief, Plaintiffs would be entitled to an encroachment on the authority of the State Court Receiver despite the fact that the Receiver is not a party to this action or bound by its rulings. This runs the risk of inconsistent obligations and impacts the status of the Receivership.

Finding that the Receiver is a necessary party, the Court must next consider if the Receiver can feasibly be joined. The Tenth Circuit has held that a receiver who carries out the orders of his appointing judge shares the judge's absolute immunity. *See T & W Investment Co. v. Kurtz,* 588 F.2d 801, 802 (10th Cir. 1978). In *T&W*, the plaintiff sought to sue a court-appointed receiver, alleging that the receiver improperly sold property belonging to the plaintiff and improperly refused to authorize certain payments to the plaintiff by a related entity. *Id.* The Tenth Circuit affirmed the trial court's dismissal of the claims on the grounds of the receiver's absolute immunity. *Id.* Similarly, in *Dougherty v. Hunter & Associates, PA*, the plaintiff sought to sue the receiver appointed by a Florida court in a divorce proceeding. 527 F.Supp.3d 1275, 1277 (D. Colo. 2021). The receiver was appointed to manage two rental businesses owned by the plaintiff and his ex-wife. *Id.* Applying the Tenth Circuit's reasoning in *T&W*, Judge Krieger found that the receiver enjoyed absolute immunity from plaintiff's allegations, including allegations that the receiver caused loss of income, loss of equity in established business, loss of established business growth, loss of rents, and took security deposit monies as management fees. *Id.* at 1278, 80-81. Judge Krieger reasoned that the receiver was entitled to immunity "because [plaintiff's] claims accused [the receiver] of performing its court-ordered duties poorly, not of taking actions beyond those authorized by the court." *Id.* Judge Krieger also

stated that "[t]o the extent [plaintiff] objected to [the receiver's] management of the business, his remedy was to seek relief through the Florida court that appointed [the Receiver] . . . ." *Id.*

Here, there is no dispute that the Receiver was appointed by the State Court to serve as Receiver for the Lebsock-related entities in the State Case. It is clear from the FAC that Plaintiffs' allegations all stem from the acts of the Receiver within the scope of his appointment. *See* ECF No. 21 ¶ 43 ("From the moment of his appointment, [the Receiver] began a course of action not designed to maximize the proceeds for all creditors but instead designed to overcharge the Lebsock Parties and collect more than the Bank was entitled to, including in fees for himself, his agents, and the [Defendant's] agents, including O'Brien."). The Order Appointing Receiver and the State Court's subsequent orders authorize the Receiver's actions that Plaintiffs now complain of. *See* ECF No. 25-1; ECF No. 33-1. Despite this, Plaintiffs contend that the Receiver's acts were ultra vires because the Receiver followed the instructions of Defendant. *See* ECF No. 21 ¶¶ 39, 50. But calling the Receiver's acts ultra vires does not make it so. There are no allegations that the Receiver acted outside the scope of his appointment. At best, Plaintiffs allegations question the Receiver's motives and management abilities. But, as in *Dougherty*, to the extent that Plaintiffs object to the appointment of the Receiver or the Receiver's management of the Plaintiffs and/or their related entities, the remedy is to seek relief through the State Court that appointed the Receiver. Thus, joinder of the Receiver is not feasible because the Receiver is entitled to absolute immunity. *See Ctr. for*

*Biological Diversity v. Pizarchik,* 858 F. Supp. 2d 1221, 1223 (D. Colo. 2012) (joinder is not feasible where the required party enjoys immunity from suit).

Finally, where a required party cannot be joined, Rule 19(b) requires the Court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors the Court should consider in deciding whether to proceed without the required party include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Here, the factors weigh in favor of dismissing the action. Without the Receiver, full relief cannot be afforded, as it is primarily the Receiver's actions that Plaintiffs are challenging. If the Court were to grant the relief Plaintiffs seek, it would necessarily impact the Receiver's authority in the State Case. But claims relating to the receivership should be asserted in the receivership proceedings. *See Four Strong Winds v. Lyngholm*, 826 P.2d 414, 417 (Colo. App. 1992). Plaintiffs are party to the receivership proceeding, and "any claim based upon the receiver's mis- or mal-feasance must be presented in [the receivership] proceedings . . . ." *Id.* Here, Plaintiffs have an adequate remedy, which is to bring their objections to the Receiver's conduct and its associated

claims in the existing State Case – the case where the Receiver's authority derives from, where all the allegations stem from, and where all relevant parties are already present.

Thus, not only does the Court find that it should abstain in favor of the State Case, but this case must be dismissed because the Receiver is an indispensable party who cannot be joined. Accordingly, Plaintiffs should pursue their requested relief in the State Case.

### IV.   CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, ECF 25, is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

DATED: September 25, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge